DAVID H. GEER *vs.* WILLIAM HORTON & another.

Suffolk.　March 31, 1893. — May 26, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Constitutionality of Statute — Equity — Creditors' Bill — Beneficiary Association — Statute.*

Section 15 of the St. of 1888, c. 429, enacting that " the money or other benefit, charity, relief, or aid to be paid,.provided, or rendered by any corporation authorized to do business under this act, shall not be liable to attachment by trustee or other process, and shall not be seized, taken, appropriated, or applied by

any legal or equitable process, nor by operation of law, to pay any debt or liability of a certificate holder or any beneficiary named therein," is constitutional.

The right to maintain a bill in equity, under the Pub. Sts. c. 151, § 2, cl. 11, as amended by the St. of 1884, c. 285, to reach and apply, in payment of the plaintiff's claim, money due from a beneficiary association to one of its members, is cut off by the St. of 1888, c. 429, § 15.

BILL IN EQUITY, filed on October 7, 1892, against William Horton and the United Reserve Fund Associates, a corporation, to reach and apply, in payment of the amount of a promissory note made by Horton and payable to the plaintiff, a sum supposed to be due from the defendant corporation to Horton as a member thereof. The case was heard upon the bill and a demurrer of the defendant corporation. *Allen*, J. sustained the demurrer, and, the plaintiff not desiring to offer any amendment, the bill was dismissed; and the plaintiff appealed to the full court. The facts sufficiently appear in the opinion.

*E. H. Savary*, for the plaintiff.

*C. J. Noyes*, for the defendants.

ALLEN, J. Without discussing the question whether in other respects the plaintiff's bill is sufficient, we come at once to consider the effect of St. 1888, c. 429, § 15, which is as follows: " The money or other benefit, charity, relief, or aid to be paid, provided, or rendered by any corporation authorized to do business under this act, shall not be liable to attachment by trustee or other process, and shall not be seized, taken, appropriated, or applied by any legal or equitable process, nor by operation of law, to pay any debt or liability of a certificate holder or any beneficiary named therein." It is assumed on both sides, in the absence of any averment to that effect, that the United Reserve Fund Associates was organized under that statute, and the plaintiff, as a creditor of the defendant Horton, seeks to reach and apply a sum supposed to be due from that association to Horton.

The right which the plaintiff seeks to reach and apply came into existence subject to the statutory provision that it should not be liable to be taken for debt. There never was a moment when this right had the ordinary incident of property in respect to liability for debt. Even as between individuals, a fund may be created for the benefit of a person which cannot be reached

by his creditors. *Broadway National Bank* v. *Adams*, 130 Mass. 431. *A fortiori*, the Legislature may enact that a fund which is to come into existence in the future shall be thus exempt.

There is another ground of objection to the plaintiff's bill which is equally decisive. The bill is not founded upon a judgment, and it cannot be maintained under the general equity jurisdiction of the court to enforce payment out of property which cannot be taken on execution ; *Carver* v. *Peck*, 131 Mass. 291; *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad*, 148 Mass. 411, 417, 418 ; but it must rest wholly upon the special statutory provision authorizing creditors to bring bills to reach and apply property. Pub. Sts. c. 151, § 2, cl. 11. St. 1884, c. 285. This remedy so given stands no higher, as regards the nature of the right which is given to a creditor, than the remedy by attachment of property on mesne process or by trustee process. *Maxwell* v. *Cochran*, 136 Mass. 73. Like them, it is no essential right which enters into and forms part of the obligation of a contract, but it is merely a matter of procedure, wholly dependent on the statute, and subject to repeal at any time. See *Bigelow* v. *Pritchard*, 21 Pick. 169, 174; *Sprague* v. *Wheatland*, 3 Met. 416; *Grant* v. *Lyman*, 4 Met. 470, 475; *Kilborn* v. *Lyman*, 6 Met. 299, 304; *Jewett* v. *Phillips*, 5 Allen, 150, 152; *Ward* v. *Proctor*, 7 Met. 318; *Stetson* v. *Hayden*, 8 Met. 29; *Shelton* v. *Codman*, 3 Cush. 318, 321; *Saunders* v. *Robinson*, 144 Mass. 306. The effect of St. 1888, c. 429, § 15, is to cut off any right which might otherwise exist to maintain this bill.

The numerous cases cited by the plaintiff in relation to exemptions of property or interests from ultimate liability after judgment has been obtained have no application to this question, and we do not enter upon the inquiry how far property owned by a debtor at the time of incurring a debt may be so exempted.

*Decree affirmed.*