## Craven *v.* Roberts, Appellant.

*Beneficial associations—Death benefits—Foreign attachment.*

Death benefits due from a beneficial association incorporated under the laws of Maryland to the widow of a member as sole beneficiary cannot be attached by a creditor of the widow where it appears that the contract of membership was made in Maryland, that the benefit funds of the association were kept in that state, that the certificate was payable in that state, and that under the laws of Maryland death benefits were not attachable for the debts of the beneficiary: Ogle v. Barron, 247 Pa. 19, followed.

Argued Oct. 15, 1914.   Appeal, No. 77, Oct. T., 1914, by garnishee, from judgment of C. P. No. 3, Philadelphia Co., June T., 1911, No. 212, on verdict for plaintiff in case of Addie Craven v. Mary A. Roberts, Defendant, Supreme Conclave Improved Order Heptasophs, Garnishee.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Reversed.

Foreign attachment.   Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $239.37.   The garnishee appealed.

*Error assigned* was in overruling the motion for judgment n. o. v.

*Olin Bryan,* with him *Frysinger Evans,* for appellant. —The fund was not attachable: Com. v. Equitable Beneficial Assn., 137 Pa. 412; Johnson v. Philadelphia & Reading R. R. Co., 163 Pa. 127; N. W. Masonic Assn. of Chicago v. Jones, 154 Pa. 99; Algeo v. Fries, 27 Pa. Superior Ct. 157; Kinsloe v. Davis, 167 Pa. 519; Morgan v. Neville, 74 Pa. 52.

140, (1915).]    Arguments—Opinion of the Court.

*Franklin E. Barr,* for appellee, cited: Brown's App., 125 Pa. 303; Brown v. Ancient Order of United Workmen, 208 Pa. 101; Solis v. Blank, 199 Pa. 600; Frowert v. Blank, 205 Pa. 299.

OPINION BY ORLADY, J., July 21, 1915:

Lamont W. Roberts died March 27, 1911, and was at that time a member in good standing in Lincoln Conclave, No. 201, a subordinate conclave of the Improved Order of Heptasophs. The certificate of membership held by him, contained the following stipulation, "The Supreme Conclave of the Improved Order of Heptasophs hereby promises and binds itself to pay out of its endowment fund to wife, Mary A. Roberts, a sum not exceeding two thousand dollars, in accordance with and under the provisions of the laws governing said fund upon satisfactory evidence of the death of said brother and upon the surrender of this certificate, provided that said brother is in good standing in this order at the time of his death, and provided also that this certificate shall not have been surrendered by said brother and another certificate issued at his request in accordance with the laws of this order."

The plaintiff issued a writ of foreign attachment against Mary A. Roberts, widow of Lamont W. Roberts, as defendant, and summoned the Improved Order of Heptasophs as garnishee. A judgment was obtained against the defendant for want of an appearance, and on trial before the court and jury a verdict was recovered against the garnishee, which the court below sustained on hearing of a motion to enter judgment non obstante veredicto for the garnishee.

The only question involved is whether this fund is subject to this foreign attachment. The garnishee is a fraternal beneficiary society, incorporated under the laws of the State of Maryland. It is provided by a statute of 1894, of that state, that the money or other benefit, charity, relief or aid to be paid, provided or rendered by any

association authorized to do business under certain designated sections shall not be liable to attachment by trustee, garnishee or other process, and shall not be seized, taken or appropriated or applied by any legal or equitable process or by operation of law, to pay any debt or liability of a certificate holder or of any beneficiary named in a certificate, or of any person who may have any right thereunder.

The contract between Lamont W. Roberts and the garnishee company was made in Maryland, where the society was incorporated and domiciled; where its benefit funds are kept, and the certificate is payable. Mary A. Roberts is the sole beneficiary named in the contract and is the holder of the certificate, so that she is the only person who can surrender it to the society and sign a release therefor. This requirement is an important part of the consideration and it is properly regarded as essential for the protection of its trust funds. The Maryland statute was intended to give protection from process issued by creditors of the beneficiary and such contracts are controlled and determined by the laws of the state where they are executed, in whatever jurisdiction their construction is considered. The constitutionality of this statute has been sustained by the appellate court of Maryland in Himmel v. Eichengreen, 107 Md. 610, S. C. 69 Atl. Repr. 511, and it was therein held that such funds were not subject to attachment at the suit of an attaching creditor.

The same question has been decided in our own State in Ogle v. Barron, 247 Pa. 19, which was not filed until after this case was heard in the court below, and it is conclusive on the question now presented. It is not necessary to review the authorities or repeat what has been so ably stated in that opinion.

Following it as a binding authority, the judgment entered is reversed and judgment is directed to be entered for the garnishee, with costs.