PETER BROWN and H. Froehlich, Appellants, v. JOHN STECK-
LER, Daniel Heidt, J. H. Ely, Frank Wanner, J. B. Fisher, Peter
Heiser, Rudolph Frank, and George Frank, Respondents, and
BROTHERHOOD OF AMERICAN YEOMEN, a Corporation,
Garnishee.

(1 A.L.R. 753, 168 N. W. 670.)

**Act of legislature — title of — fraternal beneficiary societies, orders or asso-
ciations — regulating — provisions of act — title broad enough to cover
— money or benefit — payable by association — attachment — garnish-
ment — not liable to — Constitution.**

1. The title, "An Act Regulating Fraternal Beneficiary Societies, Orders, or
Associations," is sufficiently comprehensive to include a provision in the act that
the money or other benefit to be paid by the association and the fund for the
payment thereof shall not be liable to attachment or garnishment, either as
against the insured or his beneficiary, and does not violate § 61 of the Con-
stitution, which provides that "no bill shall embrace more than one subject
which shall be expressed in its title."

**Statutes — fraternal beneficiary society — money or other benefit — not liable
to attachment or garnishment — Constitution — laws — equal protection.**

2. Section 5053 of the Compiled Laws of 1913, which provides that "the
money or other benefit . . . provided or rendered by any" fraternal bene-
ficiary society "shall not be liable to attachment" or garnishment, either
against the association or beneficiary, is constitutional, and is not in vio-
lation of § 11 of article 1 of the state Constitution, which provides that "all
laws of a general nature shall have a uniform operation;" nor of § 2 of article
1, which provides that "the government is instituted for the protection, security,
and benefit of the people;" nor is it in violation of the 14th Amendment of
the Constitution of the United States in that it denies equal protection of the
laws to citizens and persons; nor is it unconstitutional because in violation of
§ 208 of the Constitution of North Dakota, which provides that "the right of
the debtor to enjoy the comforts and necessaries of life shall be recognized by
wholesome laws, exempting from forced sale to all heads of families a home-
stead, the value of which shall be limited and defined by law, and a reasonable
amount of personal property; the kind and value shall be fixed by law."

Opinion filed July 6, 1918.

NOTE.—On the constitutionality of statute exempting proceeds of life or benefit
insurance, see note in 1 A.L.R. 757.

40 N. D.—8.

Garnishment to secure the proceeds of a life insurance certificate.

Appeal from the District Court of Stark County, Honorable *W. C. Crawford,* Judge.

Judgment for defendants. Plaintiffs appeal.

Affirmed.

*Thomas H. Pugh* and *Otto Thress,* for appellants.

While there is a noted difference in the government of beneficial and fraternal societies and the ordinary "old line" or stock insurance companies, yet it is generally settled that the contract for the payment of dues and assessments to indemnify them or their nominees against loss for certain causes, such as death, is essentially a contract of insurance, and the rights and liabilities of the parties thereto are governed accordingly. 29 Cyc. 62, and cases cited.

The beneficiary takes the money under the contract, and not by inheritance. 3 Am. & Eng. Enc. Law, 2d ed. 999; Modern Brotherhood v. Lock (Colo.) 125 Pac. 556.

The legislature may determine what differences in situation, circumstances, and needs call for the enactment of laws to suit all persons within such created class, but if the classification is based upon an invidious and unreasonable distinction with reference to similar kinds of property, the court will interfere and correct the error. 7 Cyc. 185.

The marks of distinction on which the classification is founded must, in the nature of things, be such as will, in some reasonable degree at least, account for or justify the restriction of the legislation. Edmunds v. Herbrandson, 2 N. D. 270, 50 N. W. 970; State v. Hammer, 42 N. J. L. 439, and cases cited.

"Courts will look not to its form or phraseology merely, but to its substance and necessary operation." Nichols v. Walter, 37 Minn. 264, 33 N. W. 800; State v. Pugh, 43 Ohio St. 98, 1 N. E. 439; Angell v. Cass County, 11 N. D. 265, 91 N. W. 72; Vermont Loan & T. Co. v. Whithead, 2 N. D. 82, 49 N. W. 318; Angell v. Cass, 11 N. D. 265, 91 N. W. 72; Beleal v. N. P. R. Co. 15 N. D. 318, 108 N. W. 33; State v. Mayo, 15 N. D. 327, 108 N. W. 36; Gulf, etc. R. Co. v. Ellis, 165 U. S. 155, 41 L. ed. 666; Morton v. Holes, 17 N. D. 154, 115 N. W. 256; State v. Hamilton, 20 N. D. 592, 129 N. W. 916; Re Mallou (Idaho) 22 L.R.A.(N.S.) 1123, 1125, 102 Pac. 373; 6 R. C. L. 406, 407, 417, 419; Ex parte Sohncke (Cal.) 82 Pac. 956.

"The guaranty of equal protection of the laws means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or classes in the same place and under like circumstances." Connolly v. Union Sewer Pipe Co. 184 U. S. 540, 46 L. ed. 679, 4 Enc. U. S. Sup. Ct. Rep. 362.

Because of its exceptions the statute in question infringes against the inhibition of our state Constitution. State Const. art. 208; 11 R. C. L. 492, and cases cited; Williams v. Donough (Ohio) 63 N. E. 84; May, Ins. 4th ed. § 1; Com. v. Weatherbee, 105 Mass. 149.

The statute is in violation of the Constitution for other reasons.

"No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereof as shall not be so expressed." Comp. Laws 1913, § 5053; State v. Nomland, 3 N. D. 427; 57 N. W. 85; Powers Elev. Co. v. Pottner, 16 N. D. 359, 113 N. W. 703; State v. Burr, 16 N. D. 581, 113 N. W. 594; State v. Peake, 18 N. D. 101, 120 N. W. 47; Wabash R. R. Co. v. Young (Ind.) 69 N. E. 1003; People v. Congdon (Mich.) 43 N. W. 986; State v. Chappel (Minn.) 65 N. W. 940; Ives v. Norris (Neb.) 13 N. W. 276; West Point Water & Power Co. v. State (Neb.) 68 N. W. 507; Pierson v. Minnehaha County (S. D.) 134 N. W. 212; Divet v. Richland County, 8 N. D. 65, 76 N. W. 993; Johnson v. Grady County (Okla.) 150 Pac. 497; Holmberg v. Houck, 16 Neb. 337.; New York etc. R. Co. v. Montclair, 47 N. J. Eq. 591; Pratt v. Browne (Cal.) 67 Pac. 1082; Lamer Canal Co. v. Amity Land & Irrig. Co. (Colo.) 77 Am. St. Rep. 261; Burcher v. People (Colo.) 93 Pac. 14; Kate v. Herrick (Idaho) 86 Pac. 873; Vernon v. State (Mich.) 146 N. W. 338, Ann. Cas. 1915D, 128; Shepard v. Connolly (Mich.) 141 N. W. 556; Loomis v. Mack (Mich.) 150 N. W. 370; Rowe v. Richards (S. D.) 142 N. W. 664; Met. Casualty Ins. Co. v. Basford (S. D.) 139 N. W. 795.

"The Constitution has said that the title must be an index to the law, and the courts may not sanction as a valid enactment any part of a statute to which the finger of the index does not point." Malin v. La Moure County, 27 N. D. 140, 145 N. W. 582; State v. Young (S. D.) 157 N. W. 325; State v. Burlington & M. R. R. Co. (Neb.) 84 N. W. 254.

*Casey & Burgeson,* for respondents.

Fraternal beneficiary societies are organized not for profit, but for the mutual benefit of their members and their beneficiaries. "They are usually formed not as insurance companies, but as social or benevolent associations; insurance being an incident, and not the main purpose of the organization, and the insurance feature is adopted not for the purpose of gain, but for the object of benevolence." 29 Cyc. 7.

"The fact that the amount to be exempted is not limited by the statute does not take from its force." Harvey v. Harrison, 89 Tenn. 470, 35 L.R.A. 603.

"The exemption laws are made for the purpose of protecting the poor and unfortunate, and should be liberally construed by the courts, and the right of such debtors should be fully upheld without stint or grudging." Herschbach Bros. v. Cassout, 197 Ill. 188.

"Exemption statutes are to be literally construed to effect their intent and purpose." Cook v. Allee, 93 N. W. 93; Ballou v. Gile, 50 Wis. 614, 7 N. W. 561; Recor v. Recor (Mich.) 106 N. W. 82; Geer v. Horton (Mass.) 34 N. E. 269; Hamilton Nat. Bank v. Amster, 134 Tenn. 537, 184 S. W. 5.

"Death benefits payable by a beneficiary association held not subject to garnishment in the hands of the association at the suit of a judgment creditor of the beneficiary." Ogle v. Barron, 247 Pa. 19, 92 Atl. 1071; 20 Am. Dig. p. 929.

Such money or benefits are not subject to attachment or garnishment. Craven v. Roberts, 60 Pa. Super. Ct. 140; 22 Am. Dig. p. 954; Emmert v. Schmidt, 68 Pac. 1072.

The statute is not in violation of any constitutional provision. 63 N. W. 627; First Nat. Bank v. How (Minn.) 67 N. W. 994.

BRUCE, Ch. J. In this case the proceeds of a certificate of insurance in a fraternal insurance company are sought to be garnished in an action brought to recover on a debt owing by the beneficiary, and the only question raised by the specification of errors is the constitutionality of § 5053 of the Compiled Laws of 1913, which provides that "the money or other benefit, charity, relief or aid to be paid, provided or rendered by any association authorized to do business under this article, shall not be liable to attachment by trustee, garnishee or other

process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of a certificate holder, or of any beneficiary named in a certificate, or any person who may have any right thereunder."

The first point raised is that the statute violates § 61 of the state Constitution, which provides that "no bill shall embrace more than one subject which shall be expressed in its title."

Section 5053 of the Compiled Laws of 1913 first appears as § 11 of chapter 90 of the Laws of 1901. The title of this act is, "An Act Regulating Fraternal Beneficiary Societies, Orders, or Associations."

We think that there is no merit in the contention.

In the case of First Nat. Bank v. How, 65 Minn. 187, 67 N. W. 994, the supreme court of Minnesota passed upon a similar act and a similar contention. The act was entitled, "An Act to Provide for the Incorporation and Regulation of Co-operative or Assessment Life Endowment and Casualty Insurance Associations and Societies." Laws 1885, chap. 184. The Minnesota court held that the clause in question was germane to the general subject of the act, and was so intimately connected with the subject of the incorporation and regulation of such associations that it could be properly included in the title. This case has many companions and is, no doubt, sound in its conclusions. It is certainly in accordance with the rulings of this court; State ex rel. Gaulke v. Turner, 37 N. D. 635, 164 N. W. 924. See Hamilton Nat. Bank v. Amster, 134 Tenn. 537, 184 S. W. 5.

The appellants also claim that the statute violates § 11 of article 1 of the state Constitution, which provides that "all laws of a general nature shall have a uniform operation."

They also claim that it violates § 2 of article 1, which provides that "all political power is inherent in the people. Government is instituted for the protection, security and benefit of the people and they have a right to alter or reform the same whenever the public good may require."

They also claim that it violates the 14th Amendment to the Constitution of the United States, in that it denies the equal protection of the laws to citizens and persons.

They argue, and no doubt correctly, that the contract for the payment of dues in a fraternal association is essentially a contract of in-

surance, and that the rights and liabilities of the parties thereto are governed accordingly. 29 Cyc. 62. They also argue, and no doubt correctly, that the beneficiary takes the money under the policy of assurance by contract, and not by inheritance. 3 Am. & Eng. Enc. Law, 2d ed. 999; Modern Brotherhood v. Lock, 22 Colo. App. 409, 25 Pac. 556. They argue, therefore, "that the beneficiary under a policy in a fraternal association is allowed by the statute to occupy a different position from a beneficiary in a so-called old line company, in other words, that the legislature has not only attempted to create two classes of insurance companies, going so far as to confer on one class special favors and immunities and exempting such class from the processes of law to which all citizens ordinarily are subject; but that it also creates two classes of persons called beneficiaries, and upon the one class has conferred its favors and immunities, exempting them from the usual process for the collection of debts to which all classes of citizens should be subject; and that it also creates two classes of creditors, one of which is left its right to invoke the ordinary processes in the collection of its debts, and the other which is discriminated against." They cite from the case of Edmonds v. Herbrandson, 2 N. D. 274, 14 L.R.A. 725, 50 N. W. 970, wherein this court states that "the classification must be natural, not artificial; it must stand upon some reason, having regard to the character of the legislation. . . . The true principle requires something more than a mere designation by such characteristics as will serve to classify; for the characteristics which thus serve as a basis for classification must be of such a nature as to mark the object so designated as peculiarly requiring exclusive legislation. There must be a substantial distinction having reference to the subject-matter of the proposed legislation between the objects or places embraced in such legislation and the objects or places excluded. The marks of distinction on which the classification is founded must be such in the nature of things as will in some reasonable degree, at least, account for or justify the restriction of the legislation."

They also cite the well-known case of Connolly v. Union Sewer Pipe Co. 184 U. S. 540, 559, 46 L. ed. 679, 689, 22 Sup. Ct. Rep. 431, wherein the Supreme Court of the United States said: "We have said that the guaranty of the equal protection of the laws means 'that no person or class of persons shall be denied the same protection of the

law which is enjoyed by other persons or other classes in the same places and in like circumstances.' "

They also cite the case of Williams v. Donough, 65 Ohio St. 499, 56 L.R.A. 766, 63 N. E. 84, wherein the supreme court of Ohio held that § 3631–18, of the Revised Statutes of Ohio, which provided that benefits rendered by fraternal associations should not be liable to be appropriated in any way to the debts of the members or beneficiaries, were in violation of the Constitution in that they conferred upon some members of a class privileges not enjoyed by others equally situated.

Although, however, we agree with much of counsel's argument and are fully conversant with the authorities cited, we are unable to believe that the statute which is before us is unconstitutional.

As far as the parties who are before this court are concerned all that the statute does is to provide that fraternal mutual beneficiary societies, orders, and associations may create a fund which shall be exempt from execution as against the debts of its beneficiaries. It merely provides that the members of these associations may make charitable gifts to the beneficiaries. The creditors are not affected, because the donors of that fund owed them nothing, and because the beneficiaries have given no consideration for the gift and have in no way dispossessed themselves of money or of property on which their creditors had a claim or a lien. It is clear that, without the aid of the statute and by the intervention of a trustee, the donors could have given to the beneficiaries the benefit of this fund exempt from seizure by the creditors of such beneficiaries, at any rate to the extent that such fund is necessary for the latter's reasonable support, and there is no proof in the case at bar that the sum provided was in excess of such wants. Not only, indeed, was the amount which was payable under the certificate only $801.61, but the courts may take judicial notice of the fact that the benefits of fraternal associations are almost always very limited in amount. See Broadway Nat. Bank v. Adams, 130 Mass. 431; Geer v. Horton, 159 Mass. 259, 34 N. E. 269; Stow v. Chapin, 21 N. Y. S. R. 38, 4 N. Y. Supp. 496; Brandon v. Robinson, 18 Ves. Jr. 429, 34 Eng. Reprint, 379, 11 Revised Rep. 226, Comp. Laws, 1913, §§ 5364, 5369.

It is clear to us that the statute before us merely attempts to permit a fraternal association to accomplish this same result, and for that

purpose to act as a trustee for its members, and that this can be legally done. Re Howe, 61 Minn. 217, 63 N. W. 627, overruling Re Howe 59 Minn. 415, 61 N. W. 456.

Nor is there any merit in the charges of class legislation. The objects of the garnishee defendant (the Brotherhood of American Yeomen) are fully set forth in division 2, § 3, of its by-laws. This section provides that: "The objects of this association shall be the mutual uplifting of members of the association, the practice of fraternal love, to lose no opportunity to point out to a failing or weaker member a path to success, to withhold nothing from a member that can benefit him, and especially to point out to him any danger threatening him or his beloved ones, and to bestow substantial benefits upon him and his beneficiaries as may be permitted by the laws of the state wherein this association shall operate, to care for the sick and indigent members, and to comfort the sick and bereaved in times of sorrow and distress."

Not only is this true, but § 5053, Compiled Laws 1913, expressly limits the payment of death benefits "to the families, heirs, blood relatives, affianced husband or affianced wife of, or to persons dependent upon the members."

The court also may take judicial notice that in almost all of the fraternal associations the amount of the insurance or benefit is limited to a comparatively small amount, whereas in the so-called old line companies there is practically no limit to the policy which has usually a cash surrender and loan value, can be used as collateral security for the debts of the insured, and not merely for the benefits of his relatives or dependents, and is often taken out as a business venture and for business purposes. We may also judicially notice the fact that the fraternal associations serve a peculiar purpose in affording insurance for those of moderate means. These considerations fully justify the classification complained of. Such a classification, indeed, is far less arbitrary than that which was sustained, in the case of the German Alliance Ins. Co. v. Lewis, 233 U. S. 389, 58 L. ed. 1911, L.R.A. 1915C, 1189, 34 Sup. Ct. Rep. 612, wherein the Supreme Court of the United States held that an act exempting farmers' mutual insurance companies, organized and doing business under the laws of the state of Kansas, and insuring only farm property, from a legislative scheme for the regulation of fire insurance rates, was not invalid, nor did it

deny the equal protection of the laws even though it was not applicable to other insurance companies which also insured farm property.    See also Northwestern Mut. L. Ins. Co. v. Wisconsin, 247 U. S. 132, 62 L. ed. 1025, 38 Sup. Ct. Rep. 444; Hamilton Nat. Bank v. Amster, 134 Tenn. 537, 184 S. W. 5; Ogle v. Barron, 247 Pa. 19, 92 Atl. 1071; Craven v. Roberts, 60 Pa. Super. Ct. 140; Emmert v. Schmidt, 65 Kan. 31, 68 Pac. 1072.

The judgment of the District Court is affirmed.