*In re* MARY M. HOW, Insolvent.

Submitted on briefs Nov. 28, 1894. Reversed Dec. 14, 1894.

No. 9035.

**Laws 1885, ch. 184, § 17, construed.**

Laws 1885, ch. 184, § 17, purports to exempt from seizure for the debts of the insured and beneficiary the insurance money payable by all mutual insurance companies doing business in this state, and of which the insured is a member; that the only limit to the amount of insurance money thus attempted to be exempted is the aggregate capacity or power of all such companies doing business in this state to insure the life of one individual.

**Statute held unconstitutional.**

*Held,* this is no proper or reasonable limitation; that the amount thus exempted is unreasonable; and that this section is unconstitutional and void under the Constitution, Art. 1, § 12.

Appeal by the First National Bank of St. Paul, the First National Bank of Shakopee, and John Woodruff, creditors of Mary M. How, insolvent, from an order of the District Court of Scott County, *Frances Cadwell*, J., made April 24, 1894, allowing her as exempt $15,800 insurance money due her from assessment life insurance companies.

On February 17, 1894, Mary M. How being insolvent made an assignment under Laws 1881, ch. 148, as amended, of all her nonexempt property to Orrin Kipp in trust for the equal benefit of all her creditors. He accepted the trust. She held and owned a policy of life insurance for $2,000 issued by the Bankers' Life Insurance Company of Minnesota on the life of David L. How, her husband; and another policy for $2,000 insurance on his life issued by the Masonic Mutual Aid Association of Minneapolis; and another policy for $2,000 insurance on his life issued by the Ancient Order of United Workmen; and policies in five other co-operative or assessment life insurance associations or societies to the amount of $9,800 more. David L. How died December 22, 1893. The insolvent widow included the eight policies in her schedule of assets, but claimed them as exempt under Laws 1885, ch. 184, § 17 and asked that it be so adjudged.

On April 6, 1894, the assignee presented his petition to the court stating the foregoing facts and asking the advice and direction of the

court in the premises. The court made an order that the creditors of the insolvent and the insurance companies show cause, if any there may be, on April 16, 1894, why the insurance is not exempt as claimed by the insolvent, and directed that a copy of the order be served by mail on each creditor named in the schedule of liabilities and on each of the insurance companies. On the day appointed after hearing the parties the court held that each of the eight policies was issued by a co-operative or assessment insurance company within the purview of Laws 1885, ch. 184, and that the money due thereon is exempt from levy and sale on execution, that the policies did not pass to the assignee by the deed of assignment and directing him to make no claim to the money. From this order three of the creditors of Mary M. How appeal.

*Southworth & Coller* and *O. E. Holman,* for appellants.

The authority of the legislature to enact exemption laws and its right to exempt property from seizure by creditors is limited by the Constitution, Art. 1, § 12, which provides that a reasonable amount of property shall be exempt, the amount to be determined by law.

This amount may be fixed, either by money value or by number of specific articles of personal property, or in case of real estate by area. *Cogel* v. *Mickow,* 11 Minn. 475. Laws 1885, ch. 184, § 17, which fixes no amount and which by its terms might cover millions, is clearly unauthorized by the constitution and is void. *Brown* v. *Balfour,* 46 Minn. 68.

Laws 1885, ch. 184, § 17, being void there is no repeal by implication of 1878 G. S. ch. 34, § 369, and $5,000 is exempt.

*J. L. Macdonald* and *H. J. Peck,* for respondents.

The order appealed from is not an appealable order. There is no provision made in the insolvency law for appeals of this character. *Ward* v. *Huhn,* 16 Minn. 159.

If Laws 1885, ch. 184, § 17, is invalid, then Laws 1877, ch. 128, § 2, is in force. By that act the funds due from each benevolent co-operative society to the amount of $5,000 are exempt, and this order should be affirmed.

Other laws of similar character not fixing an amount of exemption have been held valid and constitutional. Among them, one year's

provision for a debtor and his family; all moneys arising from insurance of property burned where the property was exempt; the earnings of a minor child. These and others that might be cited show that the constitutional provision referred to does not reach this class of cases. *Barton* v. *Drake*, 21 Minn. 299; *Riggs* v. *Sterling*, 60 Mich. 643; *Coleman* v. *Ballandi*, 22 Minn. 144.

Whether the law of 1885 is constitutional or not, the fund due the widow from each benevolent society is exempt to the amount of $5,000 and the order should be affirmed.

CANTY, J. On February 24, 1894, Mary M. How, being insolvent, made an assignment for the benefit of her creditors under the insolvency laws of this state.

A short time prior to this, her husband, David L. How, died. His life was insured in eight different mutual benefit associations or insurance companies for the total aggregate amount of $15,800, she being the beneficiary entitled to all of said insurance. She listed all of these insurance claims in her inventory, but claims all of them as exempt, and so claimed them in said inventory. The assignee, on notice to her and her creditors, petitioned the court in the insolvency proceedings to determine and adjudge whether the amounts due on said policies were exempt. She appeared in support of such application, and a number of her creditors appeared in opposition thereto. The court below held the amounts so due on such insurance policies exempt, and directed the assignee not to claim the same, and from this order three of said creditors appeal to this court.

No objection is here made to the mode of proceeding in the District Court, and we do not wish to be understood as approving that practice where the fund in controversy is not in court, and the application is opposed by the creditors, or most of the creditors, appearing.

It is urged by respondent that the order appealed from is not an appealable order. We are of the opinion that it is appealable, under either subdivision 5 or 6 of 1878 G. S. ch. 86, § 8.

Laws 1877, ch. 128, § 2, (1878 G. S. ch. 34, § 369,) provides: "When any benevolent association or society, similar to those enumerated in section one of this act, set apart or appropriate a beneficiary fund to be paid over to the families of deceased, or to any member of said

families, any such fund not exceeding the sum of five thousand dollars, so provided and set apart, according to the rules, regulations or by-laws of said association or society, to the family of any deceased member, or to any member of said family, shall be exempt from execution, and shall under no circumstances be liable to be seized, taken or appropriated by any legal or equitable process, to pay any debt of such deceased member."

Laws 1885, ch. 184, § 17, provides: "The money or other benefit, charity, relief or aid to be paid, provided or rendered by any corporation, association or society, authorized to do business under this act, shall be exempt from execution, and shall not be liable to be seized, taken or appropriated by any legal or equitable process, to pay any debt or liability of a member."

The court below held that the latter section repealed the former by implication, that the latter was constitutional, and that all of the $15,800 was exempt from the creditors of the insolvent.

In *Brown* v. *Balfour*, 46 Minn. 68, (48 N. W. 604,) it was held that the former section exempted the fund from seizure by the creditors of the beneficiary as well as from seizure by the creditors of the deceased member. The same interpretation should be applied to the latter section. It will be seen that the former section limited the amount exempt to $5,000, while by the latter section it is wholly unlimited.

The chapter in which the latter section is found prescribes certain regulations, on complying with which all such insurance corporations and associations may do business in this state, whether organized in this or some other state, or in a foreign country.

It seems to us that by this section the legislature intended to exempt the insurance money payable on all such policies on the life of the same member, however great the number of companies or policies, or the aggregate sum thus exempted. Appellant concedes that this is the legislative intent, but urges that the section in question is unconstitutional.

The constitution, Art. 1, § 12, provides: "A reasonable amount of property shall be exempt from seizure or sale, for the payment of any debt or liability; the amount of such exemption shall be determined by law."

This court has held that the statute limiting the homestead exemption by area alone is valid. *Cogel* v. *Mickow*, 11 Minn. 475 (Gil. 354); *Barton* v. *Drake*, 21 Minn. 299. But in that case there is a limit, and a natural and proper one as far as it goes. In the present case there is no limit but the total amount of insurance which can be obtained on the life of the insured from all such insurance companies doing business in the state. This may amount to millions. It is clear that the total aggregate of the capacity or power of all these insurance companies to insure the life of one individual is no proper measure of the amount that shall be exempt, and no proper basis or principle by which to determine a proper or reasonable amount. All other exemption laws in this state which have come to our notice measure the amount of the exemption by the number, quantity, or value of the thing or things exempt. Some or all of these measures are applied. But in the case at bar there is no certain or proper measure of any kind. The aggregate capacity or power of all such insurance companies to insure the life of one individual is no criterion by which to determine what is a reasonable amount of exemption.

The constitutional provision in question prohibits the legislature from exempting an unreasonable amount of property. We are of the opinion that said section 17 is unconstitutional and void. This being so, it does not repeal by implication Laws 1877, ch. 128, § 2, but the same is still in force. This entitles the insolvent to an exemption of only $5,000.

The order appealed from is reversed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 456.)