In re MARY M. HOW, Insolvent.[1]

May 29, 1895.

Nos. 9035—(58).

**Exemptions—Insurance Money—Constitution.**

The rule laid down in the former opinion is modified to the extent that so far as Laws 1885, c. 184, § 17 (G. S. 1894, § 3312), attempts to exempt the insurance moneys there mentioned from the creditors of the beneficiary when such moneys are a gift to such beneficiary, for which she parted with no consideration, and by reason of which her creditors are not injured, said section is constitutional.

On rehearing. Prior decision (59 Minn. 415, 61 N. W. 456) modified, and order appealed from affirmed.

*Southworth & Coller* and *O. E. Holman*, for appellants.

*H. J. Peck* and *Warner, Richardson & Lawrence*, for respondent, Mary M. How.

CANTY, J.[2] This appeal was argued and decided at the last term of this court (see 59 Minn. 415, 61 N. W. 456); and it was then held that Laws 1885, c. 184, § 17, is unconstitutional and void, for the reason that, for the purpose of determining the amount of funds exempted, the legislature had totally failed to provide any measure which had any tendency to fix a reasonable amount.

On the first argument the respondent stood on the single proposi-

[1] Reported in 63 N. W. 627.       [2] Buck, J., absent, did not sit.

tion that, tested by the principles applicable to the homestead and other exemption laws, this law was in all respects valid.   We decided against respondent on that proposition, and ordered a reversal.   On a motion for reargument it was suggested for the first time that, as applied to the present case, the statute merely attempted to exempt from her creditors a gift to the debtor, Mary M. How; that she parted with no consideration for this gift, and her creditors are in no way injured by her receipt of the same; that without the aid of this statute, by the intervention of a trustee, the donor could have given her the benefit of this fund exempt from seizure by her creditors; that the statute merely attempts to accomplish the same result without the intervention of a trustee; and that there is no constitutional objection to such a statute.   Thereupon a reargument was ordered, and the same was heard at this term.

We are of the opinion that the point last stated is well taken.   It is well settled that by the intervention of a trustee the donee of such a gift may be given the benefit thereof, exempt from seizure to satisfy her debts, and we have no doubt that a statute which merely accomplishes the same purpose without the intervention of a trustee is valid.   To this extent, and to this extent only, we modify the former opinion in this case, and this leads to an affirmance of the order of the court below.   Whether or not these funds will always remain exempt after they reach the hands of Mary M. How, and whether they may not lose their exempt character, the same as other exempt property, or the proceeds thereof, when converted into property not exempt, we do not decide.

The order appealed from is affirmed.