### FIRST NATIONAL BANK OF SHAKOPEE v. MARY M. HOW.[2]

June 19, 1896.

Nos. 9947—(161).

**Co-operative Life Insurance—Exemption—Constitution—Title of Act.**
G. S. 1894, § 3312, providing that the money to be paid by co-operative or assessment life insurance associations shall be exempt from execution, construed, and *held,* following In re How, 61 Minn. 217, that it exempts such money from execution after it has been paid to, and while it remains in the hands of, the beneficiary named in the certificate or policy of such associations. *Held,* further, that the statute of which this section is a part does not include more than one subject, and is constitutional.

| 65b | 187 |
| 82 | 132 |
| 65 | 187 |
| Case 2 | |
| 84 | 249 |
| 65 | 187 |
| Case 2 | |
| 85 | 174 |

[1] Reported in 67 N. W. 1150.  [2] Reported in 67 N. W. 994.

Appeal by plaintiff from an order of the district court for Scott county, Cadwell, J., denying a motion for the appointment of a receiver. Affirmed.

*Southworth & Coller*, for appellant.

*H. J. Peck* and *Warner, Richardson & Lawrence*, for respondent.

START, C. J. The plaintiff is a judgment creditor of the defendant, and on July 15, 1895, it instituted supplemental proceedings against her. Upon her disclosure in such proceedings the plaintiff moved the district court for the appointment of a receiver of certain money in her hands for the purpose of applying it to the payment of the plaintiff's judgment. This motion was opposed by the defendant on the ground that the fund or money so in her hands was exempt. The court denied the motion on that ground, and from its order the plaintiff appealed.

The further material facts, as they appear from the record and the findings of the trial court, are in substance these: The husband of the defendant, David L. How, died in December, 1893, leaving certain certificates and policies of insurance upon his life, of the aggregate amount of $15,000, in a number of co-operative assessment associations and insurance companies, in which the defendant was named as the beneficiary. After the death of her husband, and on February 17, 1894, the defendant duly made an assignment for the benefit of her creditors, and in the schedule of her assets these certificates and policies were set forth, but were claimed by her as exempt. The creditors of the defendant, including the plaintiff, claimed that the certificates and policies and the amounts due thereon were not exempt. A hearing was had on the respective claims of the defendant and her creditors in the insolvency proceedings in the district court, which held that the certificates and policies, and all of them, and the amount due thereon, were exempt from execution, and that they did not pass to the assignee for the benefit of creditors by the deed of assignment. The plaintiff in this case, with other creditors, appealed from this decision of the district court to this court, which affirmed the decision of the trial court. In re How, 59 Minn. 415, 61 Minn. 217, 61 N. W. 456, 63 N. W. 627. After the decision of this court holding that the certificates and policies and the amount due thereon were exempt, and therefore did not pass to the assignee,

the defendant collected on these identical certificates and policies the sum of $9,675, and now has this amount. It is this fund so paid to the defendant on the certificates and policies involved in the former appeal, which she still retains, that the plaintiff seeks to have applied to the payment of its judgment through the appointment of a receiver.

The question whether this fund is exempt in the hands of the defendant was, in effect, decided by the decisions of this court in In re How. The statute under which the exemption is claimed is this:

"The money or other benefit, charity, relief or aid to be paid, provided or rendered by any corporation, association or society authorized to do business under this act shall be exempt from execution, and shall not be liable to be seized, taken or appropriated by any legal or equitable process to pay any debt or liability of a member." G. S. 1894, § 3312.

This statute exempts the fund from execution at the suit of the creditors of the beneficiary as well as from seizure by the creditors of the deceased member, and is constitutional. Brown v. Balfour, 46 Minn. 68, 48 N. W. 601; In re How, supra.

It is claimed, however, by the plaintiff, that the question whether the money, of which the certificates and policies were the representatives, was exempt after it was paid over by the associations to the beneficiary, and while it remained in her hands, was not decided in the former case, but was expressly reserved. This is a misconception of the opinion of the court in that case. The question involved therein was not whether the certificates, policies, and the money due thereon were exempt before the money was paid over to the beneficiary, but whether the money or fund was exempt from an execution against her, or whether the certificates, policies, and the money due thereon passed by her deed of assignment as nonexempt property to her assignee for the benefit of her creditors. It was held that they did not pass to the assignee, and the decision of the district court, holding that all of the policies and the amount due thereon were exempt from execution, and that the assignee was not entitled to any part thereof, was affirmed. It is true that the specific question whether the money due on the certificates or policies would be exempt after it was paid to the beneficiary was not discussed in the former opinion, for the reason that it was assumed by the court and

counsel that, if the statute was constitutional, the money due on the policies was exempt in the hands of the beneficiary. The decision of the trial court could not have been affirmed on any other basis, be- cause this money due on the policies was not property acquired after the defendant made her assignment, but the right to the money vested in her at the death of her husband, and before her assignment. If it was not exempt in her hands, it belonged to her assignee for the benefit of her creditors, as soon as she received it; and the order of the trial court to the effect that the assignee was not entitled to the amounts due on the policies would have been error.

The reservation in the opinion in the former case is in these words:[2] "Whether or not these funds will always remain exempt after they reach the hands of Mary M. How, and whether they may not lose their exempt character, the same as other exempt property, or the proceeds thereof, when converted into property not exempt, we do not decide." In this there is no suggestion that the funds will not be exempt when and as soon as they reach the hands of the beneficiary, but the suggestion is whether they will always remain exempt in her hands, or, like other exempt property, they may not lose their exempt character when converted into property not exempt. The latter is the only question which we did not decide in the former case. The very reason assigned in the opinion for holding the stat- ute constitutional necessarily assumes that the intention of the stat- ute was to exempt from execution the money in the hands of the beneficiary or donee. The question whether this fund is exempt in the hands of the beneficiary is no longer an open one. It was set- tled in favor of the defendant in the case to which we have referred.

But, if it was an open question, we are of the opinion that the statute in question was intended to and does exempt from execution the money or fund paid by co-operative and assessment life insurance associations on their policies after it is received by the beneficiary. The statute was intended to secure to the widow and children of a deceased member a fund for their support after the death of the hus- band and father; and, in order to render it certain that its benefi- cent purpose should not be defeated, it exempts the fund from exe- cution. To interpret the statute so as to exempt the fund only while

[2] 61 Minn. 218.

it is in the hands of the association would defeat the purpose of the law, and justly expose the legislature to the charge of paltering with the beneficiary in a double sense. What benefit is it to an unfortunate widow to be mockingly told that the money provided by her husband for her support is exempt from execution so long as it remains in the hands of the insurance company, where it can do her no possible good, but, when she reaches out her hand to take the money, her creditors may wrest it from her grasp. Such is not the meaning of the statute. It exempts the money from execution in the hands of the beneficiary.

This construction does not render the statute unconstitutional, as including more than one subject, as claimed by the plaintiff. The protection of a fund secured to a beneficiary through the instrumentality of co-operative or assessment life insurance associations by exempting it from execution is so intimately connected with the subject of the incorporation and regulation of such associations as to be included in the provisions of the statute in question, the title of which is "An act to provide for incorporation and regulation of co-operative or assessment life, endowment and casualty insurance associations and societies." Laws 1885, c. 184; Board of Supervisors v. Heenan, 2 Minn. 281 (330); State v. Kinsella, 14 Minn. 395 (524); State v. Cassidy, 22 Minn. 312.

Order affirmed.