## ROSE MARIE ROSE v. ARTHEMISE MARCHESSAULT AND ANOTHER.[1]

## THE UNION OF THE FRENCH CANADIAN CATHOLICS OF THE UNITED STATES, GARNISHEE.

### May 14, 1920.

### No. 21,671.

**Proceeds of life insurance — exemption from garnishment.**

1. Under G. S. 1913, §§ 3548, 7951 (14, 15), insurance money payable on a policy on the life of the husband to his wife is exempt from attachment by garnishment in an action against the widow.

**Same — expenses of last sickness and funeral.**

2. The priority given by G. S. 1913, § 7338, for funeral expenses and for expenses of last sickness, for which a recovery is sought, is in the distribution of the assets of the decedent's estate, of which insurance money payable to the wife is not a part.

[1]Reported in 177 N. W. 658.

Action in the district court for Hennepin county to recover $604.20. Defendant demurred to the complaint on the ground that the facts stated did not constitute a cause of action. The demurrer was overruled, Molyneaux, J. From an order granting the motion of defendant to release the funds and money in the hands of the garnishee, and discharging the garnishee from liability as such garnishee, plaintiff appealed. Affirmed.

*Westphal & Ochu,* for appellant.

*F. M. Ridgway,* for respondent.

DIBELL, J.

The plaintiff sued the defendant and garnished an insurance company. From an order discharging the garnishee and releasing the moneys garnished the plaintiff appeals.

1. The defendant is the widow of Charles Marchessault who died on March 22, 1919, and the plaintiff is a daughter. The plaintiff claims that the defendant failed to furnish the deceased attention during his last sickness and to furnish him burial and that she assumed the duty, expending in that behalf something in excess of $600, for which she brings suit and garnishes the insurance company. The deceased had $500 of insurance payable to the defendant. The insurance company admits its liability and it is not a party to this appeal. The defendant claims that the insurance money is exempt from attachment by garnishment and upon this theory the court released the garnishment.

By G. S. 1913, § 3548, it is provided as follows:

"The money or other benefits, charity, relief or aid, to be paid, provided or rendered by any association authorized to do business under this act, shall, neither before nor after being paid, be liable to attachment, garnishment, or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process or operation of law to pay any debt or liability of a certificate holder or of any beneficiary named in a certificate, or of any person who may have any right thereunder; such associations are hereby declared to be charitable institutions, and the property held and used for lodge purposes, and the funds of such associations shall be exempt from taxation under the general

tax or revenue laws of this state. Except that the real estate of such association shall be taxable."

It seems conceded that this section is applicable.

By G. S. 1913, § 7951 (14, 15), the following exemptions are provided:

"14. All moneys received by, or payable to, a surviving wife or child from insurance upon the life of a deceased husband or father, not exceeding ten thousand dollars.

"15. All moneys, relief, or other benefits payable or to be rendered by any police department association, fire department association, beneficiary association, or fraternal benefit association to any person entitled to assistance therefrom, or to any certificate holder thereof or beneficiary under any such certificate."

One section or other of the statutes quoted, or a similar statute, has frequently been applied. Brown v. Balfour, 46 Minn. 68, 48 N. W. 604, 12 L.R.A. 373; In re How, 61 Minn. 217, 63 N. W. 627; First Nat. Bank of Shakopee v. How, 65 Minn. 187, 67 N. W. 994; Remley v. Travelers Ins. Co. of Hartford, 108 Minn. 31, 121 N. W. 230; Logan v. Modern Woodmen of America, 137 Minn. 221, 163 N. W. 292, 2 L.R.A. 1676. Similar provisions exempting insurance money from claims against the beneficiary are common. 18 Cyc. 1436; 2 Joyce, Ins. §§ 879, 879a; 11 R. C. L. 528; note 2 Ann. Cas. 88–91; note 5 L.R.A.(N.S.) 472, 473; note L.R.A. 1915A, 1201. Both statutes give the exemption claimed.

2. The plaintiff's cause of action is predicated upon the claim that she bore the funeral expenses and the expenses of the last sickness of her father, which should have been borne by the defendant and which she declined to bear. The statute gives priority first to the funeral expenses of a decedent and second to the expenses of the last sickness. G. S. 1913, § 7338. The priority is in the distribution of the assets of the estate. The insurance was payable to the defendant and was not a part of the estate. The statutory priority gives the plaintiff no right to reach the exempt insurance.

Upon no theory can the plaintiff attach the insurance money.

Order affirmed.