FIRST NATIONAL BANK OF FRANKFORT, Respondent, v.
HALSTEAD (MODERN WOODMEN OF AMERICA,
Garnishees), Appellants.

(229 N. W. 294.)

(File No. 6113.   Opinion filed February 21, 1930.)

*Truman Plantz* and *George G. Perrin,* both of Rock Island, Ill., *Sterling, Clark & Grigsby,* of Redfield, *Nelson C. Pratt,* of Omaha, Neb., for Appellants.

*Bruell & Henderson,* of Redfield, for Respondent.

*De E. Bradshaw,* of Omaha, Neb., and *A. W. Fulton,* of Chicago, Ill., amici curiæ, for National Fraternal Congress of America and American Fraternal Congress.

BROWN, P. J.   McClellan Halstead, husband of the defendant Hannah Halstead, died on February 5, 1925. He was at that time the holder of a benefit certificate in the Modern Woodmen of America for $3,000, in which his wife, Hannah Halstead, was the beneficiary. On February 13, 1925, plaintiff commenced an action against defendant, in which the Modern Woodmen of America and the clerk of its local lodge at Frankfort were garnished. On May 26, 1925, judgment was entered in the action in favor of plaintiff and against defendant Hannah Halstead for $3,553.02. The garnishees answered in substance that the Modern Woodmen of America is an incorporated, fraternal, and beneficiary society; that McClellan Halstead, at his death was the holder of a beneficiary certificate in said society for the sum of $3,000, wherein his wife, Hannah Halstead, was named as beneficiary; that proof of the death of McClellan Halstead has not yet been received by the garnishees, but, if a liability has accrued under the certificate, the sum due to the beneficiary is exempt under the laws of South Dakota from any debt or liability of either a member or beneficiary, and therefore the society denies any liability to plaintiff. Plaintiff took issue upon the disclosure of the garnishees, and the trial court held that the statutes of South Dakota purporting to exempt the

proceeds of the certificate were unconstitutional; that defendant Hannah Halstead was entitled to an exemption of $750, and no more, and gave judgment against the garnishees for $2,250 and costs, from which judgment the defendant and garnishee appeal.

Code of 1919, § 2661, so far as pertinent to this case, provided that the proceeds of any insurance on the life of any person who dies leaving a surviving widow shall to an amount not exceeding $5,000, "inure to the use of such surviving widow * * * and to such amount shall not be subject to the payment of any debt of such decedent." By chapter 148 of the Laws of 1923, the section was amended by adding to the clause above quoted "or of such surviving widow, husband, minor child or children." Laws 1919, c. 232, relates to fraternal benefit societies, and section 21 thereof provides that no money or other benefit to be paid by an such society shall be liable to be taken, appropriated, or applied by any legal or equitable process or operation of law to pay any debt or liability of a member or beneficiary either before or after payment. Respondent contends that said section 21 violates article 3, § 23, of the state Constitution, which prohibits the Legislature from enacting a special law granting to any individual, association, or corporation any special or exclusive privilege or immunity; also violates the principle of establishing justice and promoting the general welfare announced in the preamble to the Federal Constitution; also violates the sections of the state Constitution providing that no ex post facto law or law impairing the obligation of contracts shall be passed; that no law shall embrace more than one subject, which shall be expressed in its title; and that the right of the debtor to enjoy the comforts and necessities of life shall be recognized by laws exempting from forced sale a reasonable amount of personal property, the kind and value of which shall be fixed by general laws.

Courts should not declare an act of the Legislature unconstitutional unless it is clearly in conflict with some provision of the Constitution. A statute will not be held unconstitutional unless its conflict with the Constitution appears beyond reasonable doubt. State v. Becker, 3 S. D. 29, 51 N. W. 1018; Bon Homme County v. Berndt, 13 S. D. 309, 83 N. W. 333, 50 L. R. A. 351; and Id., 15 S. D. 494, 90 N. W. 147; Queen City Insurance Co. v. Basford, 27 S. D. 164, 130 N. W. 44; State v. Summers, 33 S. D. 40, 144

N. W. 730, 50 L. R. A. (N. S.) 206, Ann. Cas. 1916B, 860; State v. Anderson, 33 S. D. 574, 146 N. W. 703.

Laws 1919, c. 232, applies to all fraternal benefit societies, and clearly does not grant to an individual, association, or corporation any special or exclusive privilege or immunity. Bon Homme County v. Berndt, 13 S. D. 309, 83 N. W. 333, 50 L. R. A. 351; and Id., 15 S. D. 494, 90 N. W. 147; In re Watson, 17 S. D. 486, 97 N. W. 463, 2 Ann. Case. 321.

Respondent contends that the decision in O'Leary v. Croghan, 42 S. D. 210, 173 N. W. 844, 6 A. L. R. 1134, is decisive of the present controversy. In that case we held that the exceptions from the general exemption law in favor of judgments for laborer's or mechanic's wages or physician's bills, limiting the exemption in such cases to an amount much less than provided in the general exemption law, were in violation of section 18, art. 6, of the Constitution, which provides that "no law shall be passed granting to any citizen, class of citizens or corporation privileges and immunities which upon the same terms shall not equally belong to all citizens or corporations." It may be remarked that this section of the Constitution has not been invoked by respondent in his argument before this court, and is only presented by way of citation of O'Leary v. Croghan, supplementary to its printed brief. But it is generally held that section 21 of the Laws of 1919 does not relate to the exemptions that may be claimed under the general exemption law, and does not come within the provisions of the Constitution governing general exemptions to residents of the state. The persons who may be beneficiaries under the law relating to fraternal benefit societies are limited to specified relatives of the member or persons dependent upon the member, and creditors of either the member or beneficiary are not included among those entitled to the benefits of the law. Decisions therefore construing the constitutionality of the general exemption law are not applicable to the provisions of section 21 of the Fraternal Benefit Societies Act. Acree v. Whitley, 136 Ark. 149, 206 S. W. 137; Hamilton National Bank v. Amster, 134 Tenn. 537, 184 S. W. 5.

The contention that the chapter violates the preamble of the Federal Constitution is supported neither by authority nor reason. The preamble of the Constitution simply declares the pur-

pose for which it is ordained, and cannot be violated by any act of the legislative body which is not in contravention of some specific provision of the Constitution. Nor does section 21 of said chapter violate the provision of the Constitution that no ex post facto law or law impairing the obligation of contracts shall be passed. The chapter was enacted long before the obligation on which plaintiff has judgment was incurred, and therefore could not impair that obligation.

Said chapter 232 is entitled "An act providing for the regulation and control of all fraternal benefit societies." Section 21 of the act providing for the disposition of the benefits to be paid thereunder in our opinion is clearly germane to the regulation and control of the societies, and the title of the act is sufficiently comprehensive to embrace the provisions of section 21, and those provisions are sufficiently expressed in the title, and they are properly included in the regulation and control of fraternal benefit societies. The title of an act is not requird to be a detailed index of all of its contents. State v. Morgan, 2 S. D. 32, 48 N. W. 314; Cessna v. Otho D. & P. Co., 35 S. D. 557, 153 N. W. 380; Rowe v. Stanley County, 52 S. D. 516, 219 N. W. 122, 124. It is finally contended that section 21 violates article 21, § 4, of the Constitution, which provides:

"The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws."

It is argued that chapter 232 of the Laws of 1919 places no limit on the amount of benefit that may be paid to a member of any fraternal or benefit society, and that section 21 of the act must therefore be held unconstitutional under the authority of Skinner v. Holt, 9 S. D. 427, 69 N. W. 595, 62 Am. St. Rep. 878. But, as was said by the Supreme Court of North Dakota in Brown v. Steckler, 40 N. D. 113, 168 N. W. 670, 671, 1 A. L. R. 753, we may take judicial notice that in almost all fraternal associations the amount of the insurance or benefit is limited to a comparatively small amount, and the record in the present case contains the articles of association of the garnishee defendant, and such articles

limit the amount that may be paid to any beneficiary to a sum not exceeding $3,000. All of the material objections to the constitutionality of chapter 232 of the Laws of 1919 that are urged in the instant case were urged and passed upon by the Supreme Court of North Dakota under constitutional provisions substantially the same as ours in the case of Brown v. Stekler, supra, and were held to be untenable. Referring to section 5053 of the Laws of 1913 of that state, the provisions of which are substantially similar to those of section 21, c. 232, of the Laws of 1919, the Supreme Court of North Dakota said:

"As far as the parties who are before this court are concerned, all that the statute does is to provide that fraternal mutual beneficiary societies, orders, and associations may create a fund which shall be exempt from execution as against the debts of its beneficiaries. It merely provides that the members of these associations may make charitable gifts to the beneficiaries. The creditors are not affected because the donor of that fund owed them nothing and because the beneficiaries have given no consideration for the gift and have in no way dispossessed themselves of money or of property on which their creditors had a claim or lien. It is clear that without the aid of the statute and by the intervention of a trustee the donors could have given to the beneficiaries the benefit of this fund exempt from seizure by the creditors of such beneficiaries, at any rate to the extent that such fund is necessary for the latter's reasonable support, and there is no proof in the case at bar that the sum provided was in excess of such wants."

The same view is taken of the statute in Re How, 61 Minn. 217, 63 N. W. 627. With this view of the statute in question we agree.

Chapter 232 of the Laws of 1919 is a Code for the regulation and control of fraternal benefit societies which was drawn up at a conference of the representatives of fraternal benefit societies throughout the United States and Canada in 1912, and is known as the New York Conference Code. It has been adopted by the Legislatures of 38 states, and before its adoption by the Legislature of South Dakota the provisions of the section 21 had been construed in a number of the states that had already adopted it and with but one exception (Williams v. Donough, 65 Ohio St. 499, 63 N. E. 84, 56 L. R. A. 766), had been

held not vulnerable to constitutional provisions substantially the same as those invoked by respondent in the instant case. Himmel v. Eichengreen, 107 Md. 610, 69 A. 511; Acree v. Whitley, 136 Ark. 149, 206 S. W. 137; Ogle v. Barron, 247 Pa. 19, 92 A. 1071; Brown v. Steckler, supra, 40 N. D. 113, 168 N. W. 670, 1 A. L. R. 753; Hamilton Nat. Bank v. Amster, 134 Tenn. 537, 184 S. W. 5; In re How, 61 Minn. 217, 63 N. W. 627; First National Bank of Shakopee v. How, 65 Minn. 187, 67 N. W. 994.

It is argued there is nothing to prevent one from joining a large number of fraternal benefit societies and procuring the maximum benefit in each, and thus claim as exempt twenty or thirty thousand dollars or more. But section 2661 of the Code limiting the amount of proceeds of insurance upon the life of any person that may be held exempt is still in force, and might possibly apply, should any such situation as supposed in this argument arise. Besides, as was said in Rowe v. Stanley County, supra, "constitutional questions should not be determined upon suppositious cases." It will be time enough to consider such a case when it arises.

Respondent's argument that, because the garnishee has admitted liability to the extent of $3,000, "and is ready to pay the same to the beneficiary, Hannah Halstead, or to the plaintiff as it may be by the court ordered and decreed," the garnishee is estopped from taking this appeal or contesting the matter any further, is without merit. The garnishee may, if he wishes, defend the principal action, and may claim that the money attempted to be garnished is exempt from execution. Code, §§ 2466, 2461, subd. 4; 28 C. J. 285; Ogle v. Barron, 247 Pa. 19, 92 A. 1071.

The judgment and order appealed from are reversed, and the cause remanded, with direction to the trial court to dismiss the garnishment proceedings on the merits.

POLLEY, SHERWOOD, and BURCH, JJ., concur.
CAMPBELL, J., concurs in result.