In the Matter of the CERTIFICATION OF A QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA, SOUTHERN DIVISION, Pursuant to the Provisions of SDCL 15–24A–1, and concerning federal action Civ 804034, titled as follows:

Oswald F. Elbe, James L. Cope, James A. Fravel, Jr., Laird P. Gillem, William H. Harris, Howard Hermanson, C.R. Kratz, John W. Mitchell, Fletcher C. Nelson, Lloyd K. Salisbury, and John Sprecher, Plaintiffs,

v.

Yankton Independent School District No. 63–3, Dr. Donald Lepp, Garry Moore, Rev. Harold Hiemstra, Mary Alice Halverson and Ronald Bertsch, as members of the School Board of the Yankton Independent School District No. 63–3; Sioux Falls Independent School District No. 49–5; John Simko, Jr., Robert Glasrud, Karen Pearson, Sue Brown and Pam Nelson, as members of the School Board of the Sioux Falls Independent School District No. 49–5; Pierre School District No. 32–2; Patricia Adam, Gary Snow, Gary Ellwanger, Dr. Richard Schoessler, and Casey H. Kebach, as members of the School Board of the Pierre School District No. 32–2, Defendants,

Dan Naughton, Barbara Naughton, James W. Fitzgibbons and Rose Clare Fitzgibbons, Intervenors.

No. 14685.

Supreme Court of South Dakota.

Argued Nov. 26, 1984.

Decided July 31, 1985.

Rehearing Denied Sept. 4, 1985.

Lee Boothby of Boothby & Huff, Berrien Springs, Mich., for plaintiffs; Marvin Bailin of Christopherson, Bailin & Anderson, Sioux Falls, on brief.

Deming Smith of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendants; Robert D. Hofer and Thomas E. Blue of Riter, Mayer, Hofer & Riter, Pierre, Gerald L. Reade of Brady, Kabeiseman, Reade & Johnson, Yankton, on brief.

Jeremiah D. Murphy of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for intervenors.

WOLLMAN, Justice.

Pursuant to SDCL 15–24A–1, Senior District Judge Fred J. Nichol of the United States District Court, District of South Dakota, has certified to us the following question:

> Are the provisions of the South Dakota textbook loan statutes as amended by the South Dakota Legislature in 1977 (S.L.1977, Ch. 134 section 2), S.D.C.L. section 13–34–16.2 and S.D.C.L. section 13–34–16.3, unconstitutional on their face under the provisions of Article VI, Section 3, and Article VIII, Section 16, of the South Dakota Constitution?

In his certification, Judge Nichol indicates that it appears that there is no controlling precedent in the decisions of this court determinative of the exact legal question

before the District Court. As set forth below, we are of the opinion that the question is controlled by our decision in *McDonald v. School Board of Yankton Independent School Dist. No. 1*, 90 S.D. 599, 246 N.W.2d 93 (1976), and we answer the certified question accordingly.

## FACTUAL BACKGROUND

Plaintiffs in the District Court action, a group of South Dakota taxpayers, brought an action in 1980 challenging the constitutionality of the South Dakota textbook loan statutes, SDCL 13–34–16.2 and SDCL 13–34–16.3, on the grounds that the statutes on their face and as applied by the defendant school districts violate the First Amendment to the United States Constitution and Article VI, § 3, and Article VIII, § 16, of the South Dakota Constitution. The District Court granted defendants' motion for summary judgment and dismissed plaintiffs' pendent state law claims. The United States Court of Appeals for the Eighth Circuit, 714 F.2d 848, affirmed the District Court's entry of summary judgment on plaintiffs' facial challenge to SDCL 13–34–16.2 and 13–34–16.3 under the First Amendment. The Court of Appeals ruled, however, that the District Court had failed to adequately consider plaintiffs' federal constitutional challenge to the statutes as construed and applied by defendants and remanded the case to the District Court for trial on that issue. The Court of Appeals also ruled that plaintiffs' claim based upon the South Dakota Constitution should be reconsidered by the District Court on remand. Following trial on the merits of the federal constitutional claims, the District Court certified the foregoing question to us.

As amended in 1977, the two statutes in question read as follows.

SDCL 13–34–16.2:

It is declared to be the policy of this state that the common good and general welfare of the state are promoted by an educated and enlightened citizenry and, to assist in achieving those goals and in accord with the child benefit doctrine, there shall be loaned without charge to all persons ages five through nineteen such nonsectarian textbooks and text-related workbooks designed for individual use as are normally furnished by the school boards of the several public school districts of this state to the students enrolled in the public schools of such respective districts. It is further declared to be the policy of this state that, in the loaning of such materials to such persons, the state shall be neutral to and between all such persons.

SDCL 13–34–16.3:

To implement § 13–34–16.2, each public school board shall loan without charge to all persons ages five through nineteen who are either enrolled in a public school, or in a school supervised in accord with chapter 13–4, or who are engaged in a course of instruction pursuant to § 13–27–3, within the school district under such board's jurisdiction, or who are residing in such district but are not enrolled in any such school or engaged in any such course of instruction, such nonsectarian textbooks and text-related workbooks designed for individual use as are normally furnished by such school board to individual students enrolled in the public schools of the district under such board's jurisdiction. All such textbooks and text-related workbooks shall be approved by the respective school boards.

South Dakota Constitution, Article VI, Section 3 provides in pertinent part:

No person shall be compelled to attend or support any ministry or place of worship against his consent nor shall any preference be given by law to any religious establishment or mode of worship. No money or property of the state shall be given or appropriated for the benefit of any sectarian or religious society or institution.

South Dakota Constitution, Article VIII, Section 16 provides:

No appropriation of lands, money or other property or credits to aid any sectarian school shall ever be made by the

state, or any county or municipality within the state, nor shall the state or any county or municipality within the state accept any grant, conveyance, gift or bequest of lands, money or other property to be used for sectarian purposes, and no sectarian instruction shall be allowed in any school or institution aided or supported by the state.

In *McDonald v. School Board of Yankton Independent School Dist. No. 1, supra,* we held unconstitutional the textbook loan provisions of the then applicable statutes, which read as follows:

All textbooks shall be loaned free to all public and nonpublic school students in grades one through twelve who are enrolled in schools which are supervised in accordance with chapter 13-4. The public school board in each district shall ascertain what textbooks are needed by such students in the district from time to time and shall order the same and shall furnish such books upon request.

SDCL 13-34-16, *repealed by* 1977 S.D. Sess.Laws ch. 134, § 3.

Textbooks loaned to children enrolled in a nonpublic school shall be textbooks which are approved by a public school board for use, whether actually used or not, in the particular public school district wherein such nonpublic school is located or in the particular public school district of which the nonpublic school student is a resident. Textbooks loaned by any public school district to nonpublic school students shall not exceed in value fifteen dollars per nonpublic school student in any single school year. Such values shall be determined by the public school district required to furnish the textbooks. The obligation provided herein as to nonpublic school students shall be the obligation of the public school district in which such nonpublic school student is a resident.

SDCL 13-34-16.1, *repealed by* 1977 S.D. Sess.Laws ch. 134 § 3.

We held that these two statutes were unconstitutional under the provisions of S.D. Const. art. VI, § 3, and art. VIII, § 16.

In reaching this holding, we pointed out that "[t]hose provisions of our constitution though not identical to any other state constitution are not mere reiterations of the Establishment Clause of the United States Constitution but are more restrictive as prohibiting aid 'in every form.'" *McDonald*, 90 S.D. at 607–08, 246 N.W.2d at 98. Our holding in *McDonald* recognized and followed the holding of this court in *Synod of Dakota v. State*, 2 S.D. 366, 50 N.W. 632 (1891), that S.D. Const. art. VI, § 3 and art. VIII, § 16 are self-executing and that they express the intent of the framers of our constitution to "prohibit in every form, whether as a gift or otherwise, the appropriation of the public funds for the benefit of or to aid any sectarian school or institution." 2 S.D. at 373–74, 50 N.W. at 635.

Defendant school districts contend, however, that *McDonald* is not controlling because of the differences between the present statutes and those struck down in *McDonald*.

■ Before we discuss the contentions presented by defendants and by intervenors, we recognize and give full force to the long-standing rule that statutes are presumed to be constitutional.

All presumptions are in favor of the constitutionality of a statute, and it is only when made to appear clearly, palpably, and plainly, and in such a manner as to leave no reasonable doubt or hesitation in our minds, that a statute violates some provision of the constitution that we can consistently declare it void. *McDonald v. School Bd. of Yankton, etc.* [90 S.D. 599], 246 N.W.2d 93 (1976); *Clem v. City of Yankton*, 83 S.D. 386, 160 N.W.2d 125 (1968); *Kramar v. Bon Homme County*, 83 S.D. 112, 155 N.W.2d 777 (1968); *Berens v. Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 80 S.D. 168, 120 N.W.2d 565 (1963). The constitutional conflict must appear beyond a reasonable doubt, *First Nat. Bank v. Halstead*, 56 S.D. 422, 229 N.W. 294 (1930), and the burden of proof rests with the party asserting unconstitutionality. *Behrns v. Burke*, 89

S.D. 96, 229 N.W.2d 86 (1975). Whenever within the bounds of reasonable and legitimate construction, an act of the legislature can be construed so as not to violate the constitution, that construction should be adopted. *Kneip v. Herseth*, 87 S.D. 642, 214 N.W.2d 93 (1974); *Kramar v. Bon Homme County*, supra.

*Matter of Certain Territorial Elec. Boundaries, Etc.*, 281 N.W.2d 65, 69–70 (S.D.1979).

■ Defendants point to the statement of legislative policy in SDCL 13–34–16.2 as one of the differences between the present statutes and those struck down in *McDonald*. Our holding in *McDonald*, however, was not based upon the absence of a statement of legislative policy in the statutes. *See* 246 N.W.2d 96, n. 2. The inclusion of such a policy statement in the present statutes, therefore, does nothing to overcome the prohibitions set forth in S.D. Const. art. VI, § 3, and art. VIII, § 16.

■ Defendants also point to the fact that under SDCL 13–34–16 textbooks were loaned to "all public and nonpublic school students" and that SDCL 13–34–16.1 dealt entirely with textbooks loaned to children "enrolled in a nonpublic school," whereas the present statutes provide for the loaning of textbooks to age-eligible persons enrolled in public schools and nonpublic schools, to those who are participating in alternative instruction programs authorized by SDCL 13–27–3, and to those who are within the school district but who are not enrolled in any public or private school or engaged in alternative instruction programs. Again, we conclude that the inclusion of additional classes of recipients does not eliminate the constitutional flaw in the challenged statutes. The creation of an additional class of persons eligible for the loan of free textbooks does not appreciably reduce the number of those who were held in *McDonald* to be constitutionally barred from receiving such textbooks.

Defendants contend that the present statutes are constitutional under the child benefit doctrine recognized by the United States Supreme Court in *Wolman v. Walter*, 433 U.S. 229, 97 S.Ct. 2593, 53 L.Ed.2d 714 (1977); *Meek v. Pittenger*, 421 U.S. 349, 95 S.Ct. 1753, 44 L.Ed.2d 217 (1975); and *Board of Education v. Allen*, 392 U.S. 236, 88 S.Ct. 1923, 20 L.Ed.2d 1060 (1968). Whatever the constitutionality of the statutes in question may be under the First Amendment to the United States Constitution, however, we clearly rejected the child benefit doctrine in *McDonald*, and we see no reason to reexamine that doctrine here.

Nor do we find this court's holding in *South Dakota High School Inter-Scholastic Activities Ass'n v. St. Mary's Inter-Parochial School of Salem*, 82 S.D. 84, 141 N.W.2d 477 (1966) or in *Petition of N.C.B. Careers, Inc.*, 298 N.W.2d 526 (S.D.1980), determinative of the issue before us. We recognized the *St. Mary's* holding in reaching our decision in *McDonald*. In *N.C.B. Careers, Inc.*, we held that the granting of a tax exemption to a religious educational institution did not constitute an unconstitutional grant of aid to religion within the meaning of S.D. Const. art. VI, § 3 and art. VIII, § 16. We carefully distinguished *Synod of Dakota v. State, supra*, on the ground that that case dealt with a direct appropriation of money to a religious educational institution. Accordingly, nothing in our holding in *N.C.B. Careers, Inc.* was inconsistent with our holding in *McDonald*.

Likewise, we conclude that there is no merit in defendants' analogy between the textbook loan provisions of the statutes in question and the lending of books by the public libraries in the state.

■ Intervenors contend that a holding that SDCL 13–34–16.2 and 13–34–16.3 are unconstitutional would constitute a denial of their constitutional rights to due process, equal protection, and free exercise of religion. We hold that this contention is without merit. *See Norwood v. Harrison*, 413 U.S. 455, 93 S.Ct. 2804, 37 L.Ed.2d 723 (1973), and *Luetkemeyer v. Kaufmann*, 364 F.Supp. 376 (W.D.Mo.1973), *aff'd* 419 U.S. 888, 95 S.Ct. 167, 42 L.Ed.2d 134 (1974).

In their argument before the court, intervenors mentioned the fact that the statutes in question received an affirmative vote of two-thirds of the membership of the 1977 legislative body. If legislative approval were all that is necessary to insulate a statute from constitutional challenge, however, then the principle of judicial review of legislative acts would be rendered nugatory. Intervenors of course, do not make this argument, and we assume that they refer to the favorable legislative margin of support to demonstrate that the climate of public opinion now supports the grant of assistance to nonpublic schools embodied within the challenged statutes. If this is the case, perhaps S.D. Const. art. VI, § 3 and art. VIII, § 16 will be amended by a vote of the people in such form as to render constitutional under the child benefit doctrine espoused by the United States Supreme Court with respect to the First Amendment to the United States Constitution that which is unconstitutional under our state constitution. Until such an amendment is proposed and adopted, however, our holding in *McDonald* remains our pronouncement with respect to statutes that would attempt to circumvent the broad prohibitions set forth in S.D. Const. VI, § 3 and art. VIII, § 16.

As we stated in *McDonald*, the motives of the legislature and the wisdom of the textbook loan statutes are not for us to question. We are charged only with the responsibility of interpreting provisions of our state constitution that are more restrictive than the Establishment Clause of the United States Constitution.

■ In answer to the question certified us, we hold that SDCL 13-34-16.2 and SDCL 13-34-16.3 are unconstitutional on their face under the provisions of S.D. Const. art. VI, § 3 and art. VIII, § 16.

CERTIFIED QUESTION ANSWERED.

MORGAN and HENDERSON, JJ., and DOBBERPUHL and HOYT, Circuit Court Judges, concur.

DOBBERPUHL, Circuit Court Judge, sitting for FOSHEIM, C.J., disqualified.

HOYT, Circuit Court Judge, sitting for WUEST, Acting J., disqualified.