Oswald F. ELBE, James L. Cope, James A. Fravel, Jr., Laird P. Gillem, William H. Harris, Howard Hermanson, C.R. Kratz, John W. Mitchell, Fletcher C. Nelson, Lloyd K. Salisbury, and John Sprecher, Plaintiffs,

v.

YANKTON INDEPENDENT SCHOOL DISTRICT NO. 63–3, Dr. Donald Lepp, Garry Moore, Rev. Harold Hiemstra, Mary Alice Halverson and Ronald Bertsch, as members of the School Board of the Yankton Independent School District No. 63–3; Sioux Falls Independent School District No. 49–5; John Simko, Jr., Robert Glasrud, Karen Pearson, Sue Brown and Pam Nelson, as members of the School Board of the Sioux Falls Independent School District No. 49–5; Pierre School District No. 32–2; Patricia Adam, Gary Snow, Gary Ellwanger, Dr. Richard Schoessler, and Casey H. Kebach, as members of the School Board of the Pierre School District No. 32–2, Defendants,

Dan Naughton, Barbara Naughton, James W. Fitzgibbons and Rose Clare Fitzgibbons, Intervenors.

Civ. 80–4034.

United States District Court, D. South Dakota, S.D.

Aug. 8, 1986.

Lee Boothby, of Boothby & Huff, Berrien Springs, Mich., and Marvin K. Bailin, of Christopherson, Bailin & Anderson, Sioux Falls, S.D., for plaintiffs.

Gerald L. Reade, of Brady, Kabeiseman, Reade & Johnson, Yankton, S.D., for defendant Yankton Independent School Dist.

Deming Smith, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for defendant Sioux Falls Independent School Dist.

Robert D. Hofer, of Riter, Mayer, Hofer & Riter, Pierre, S.D., for defendant Pierre School Dist.

## MEMORANDUM OPINION AND ORDER

NICHOL, District Judge.

The plaintiffs in this class action suit challenged the constitutionality of the South Dakota textbook loan statutes, S.D. C.L. sections 13-34-16.2 and 13-34-16.3, alleging that the statutes violated the Establishment Clause of the First Amendment of the United States Constitution, and sought both declaratory and injunctive re-

lief. For the reasons hereinafter stated, this court finds that the statutes are unconstitutional on their face under the South Dakota Constitution and permanently enjoin the defendants from furnishing any textbooks or materials to parochial and other church-operated schools and from using public funds for such purposes.

## PROCEDURAL HISTORY

This action was initiated by the plaintiffs on March 3, 1980. The defendants responded with a motion for summary judgment. After various briefs, affidavits, admissions and answers to interrogatories were filed, the district court[1] found that there was no genuine issue of material fact and held, as a matter of law based on *Meek v. Pittenger*, 421 U.S. 349, 95 S.Ct. 1753, 44 L.Ed.2d 217 (1975), and *Board of Education v. Allen*, 392 U.S. 236, 88 S.Ct. 1923, 20 L.Ed.2d 1060 (1968), the statutes did not, on their face, violate the Establishment Clause of the First Amendment. Once the federal claim was summarily disposed of, the pendent state law claim was dismissed. *Elbe v. Yankton Independent School District*, No. CIV80–4034, slip op. at 3, 7 (D.S.D. August 13, 1982).

The Eighth Circuit on appeal affirmed the grant of summary judgment as to the facial constitutionality of the statutes; however, the case was remanded to this court to determine whether or not the statutes had been construed and applied in such a manner as to have the "impermissible primary effect of advancing religion." *Elbe v. Yankton Independent School District No. 1*, 714 F.2d 848, 854 (8th Cir.1983) (quoting *Meek v. Pittenger, supra*, at 366). The Court also remanded the issues of state law to this court for reconsideration of its pendent jurisdiction. *Id.* at 854.

## DISCUSSION

■ The requirements for the exercise of pendent jurisdiction are threefold: First, the claim under federal law must be substantial, and second, the federal and state claim must have a common nucleus of oper-

ative fact. Lastly, the claims must be such that the plaintiff would ordinarily be expected to try both claims in one proceeding because a single interest of the plaintiff is affected. Once all three of these requirements are met, the court has the power to hear the claim; however, the exercise of pendent jurisdiction is a matter of discretion and is to be exercised only when the conditions of judicial economy, convenience and fairness to the litigants will be served. *State of North Dakota v. Merchants National Bank & Trust Co.*, 634 F.2d 368, 370–71 (8th Cir.1980) (en banc), citing, *United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966).

■ In the case at bar, the remaining federal question meets the substantiality requirement. This question was remanded to this court from the Court of Appeals and addresses the constitutionality of the state statutes as applied by the defendants. This claim is not "obviously frivolous" or "plainly insubstantial" and is sufficient to meet the requirement. *Hagans v. Lavine*, 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974) (citations omitted); *see also, Kimbrough v. Arkansas Activities Association*, 574 F.2d 423, 427 (8th Cir.1978). The factual basis for both the federal and state claims is identical and the plaintiff would normally be expected to try them both in one proceeding. Considerable judicial time and resources have been invested in this case both on the district and appellate levels. The interest of judicial economy and convenience clearly demonstrate the appropriateness of assuming pendent jurisdiction over the state claim. This court determines that, in fairness to the litigants, as well as the above stated interests, this court has pendent jurisdiction over the state constitutional claim. *See, State of North Dakota v. Merchants National Bank & Trust Co., supra.*

Upon conclusion of the trial and upon belief that there was no controlling precedent in the decisions of the South Dakota

[1]. The Honorable John B. Jones, United States District Judge for the District of South Dakota.

Supreme Court, this court certified the following question of law to the South Dakota Supreme Court, pursuant to S.D.C.L. section 15–24A–1:

> Are the provisions of the South Dakota textbook loan statutes as amended by the South Dakota Legislature in 1977 (S.L.1977, ch. 134 section 2), S.D.C.L. section 13–34–16.2 and S.D.C.L. section 13–34–16.3, unconstitutional on their face under the provisions of Article VI, Section 3, and Article VIII, Section 16, of the South Dakota Constitution?

In response to this question, the South Dakota Supreme Court held that the question was controlled by that Court's decision in *McDonald v. School Board of Yankton Independent School District No. 1*, 90 S.D. 599, 246 N.W.2d 93 (1976). The Court further held that S.D.C.L. sections 13–34–16.2 and 13–34–16.3 are unconstitutional on their face under the South Dakota Constitution. *In re Certification of a Question of Law from the United States District Court, Elbe v. Yankton Independent School District No. 63–3*, 372 N.W.2d 113, 115, 118 (S.D.1985).

■ Recognizing the policy of comity, this court accepts the determination of the South Dakota Supreme Court and holds that the textbook loan statutes are in fact unconstitutional on their face, under Article VI, Section 3, and Article VIII, Section 16, of the South Dakota Constitution.

■ The remaining federal question need not be decided at this time. Under the well recognized doctrine of judicial restraint, federal courts do not "anticipate a question of constitutional law in advance of the necessity of deciding it" nor "decide a question of a constitutional nature unless absolutely necessary to a decision of the case." *Canton Lutheran Church v. Sovik, Mathre, Sathrum & Quanbeck*, 507 F.Supp. 873, 877 (D.S.D.1981), citing, *Ashwander v. T.V.A.*, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., Concurring). *See also, Hagans v. Lavine, supra,* 415 U.S. at 543, 94 S.Ct. at 1382.

## ATTORNEYS' FEES

■ Plaintiffs submitted an application for attorneys' fees and costs pursuant to 42 U.S.C. section 1988, which provides in part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Although this is a discretionary award, consideration should be given to the principle that the prevailing party should recover attorney's fees unless special circumstances would make such an award unjust. *Kimbrough v. Arkansas Activities Association, supra,* at 427.

■ The threshold question that must be addressed in determining an award of attorney's fees is whether the party requesting the fees is, in fact, a "prevailing party." This precise question was addressed by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), where the Court noted that a "typical formulation" for a prevailing party is that,

> plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (CA1 1978). *Hensley* at 433, 103 S.Ct. at 1939.

The Eighth Circuit adopted this formulation in *Fast v. School District of LaDue*, 728 F.2d 1030, 1032 n. 2 (8th Cir.1984) (en banc).

The success of the plaintiffs here came on their pendent state claim, making it unnecessary to address the federal claim. They sought to enjoin the defendants from using public money in furnishing textbooks to parochial and other church-operated schools and this is the benefit that was achieved. The fact that the successful claim was not the federal constitutional challenge does not preclude the plaintiffs from being "prevailing parties" and eligible

for attorney's fees under 42 U.S.C. section 1988. *See, Maher v. Gagne*, 448 U.S. 122, 132, 100 S.Ct. 2570, 2576, 65 L.Ed.2d 653 (1980); *Kimbrough v. Arkansas Activities Association, supra*, at 426–427. The policy of allowing the award of attorney's fees where a plaintiff prevails on a wholly statutory, non-civil rights claim, pendent to a substantial federal claim, "furthers the Congressional goal of encouraging suits to vindicate constitutional rights without undermining the longstanding judicial policy of avoiding unnecessary decision of important constitutional issues." *Maher v. Gagne, supra*, at 133, 100 S.Ct. at 2577 (quoting 594 F.2d at 342).

◼◼◼ Having determined that the plaintiffs are "prevailing parties" is only the initial step. The court must then determine what fee is reasonable. Once again, the Supreme Court's decision in *Hensley v. Eckerhart, supra*, is controlling. An important factor in determining the appropriate fee is the "results obtained." *Id.* 461 U.S. at 434, 103 S.Ct. at 1939. The Court noted that

> [W]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. *The result is what matters. Id.* at 435, 103 S.Ct. at 1940. (citation omitted) (emphasis added).

The Court cautioned that although the success or degree of relief obtained is important, it is not the only consideration. A fee may be reduced if the relief, however significant, is limited in comparison to the scope of the litigation as a whole. *Id.* at 440, 103 S.Ct. at 1943.

◼◼ The defendants have requested that the fee award be limited based on the fact that the plaintiffs' success was only with the pendent state constitutional challenge. The defendants urged that the time allotted to each of the three claims be divided and the plaintiffs only receive compensation for the time expended on the successful claim. This reasoning is contrary to the *Hensley* reasoning. Justice Powell in *Hensley* stated:

> We hold that the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees under 42 U.S.C. section 1988. Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained. *Id.*

The plaintiffs in this action sought a declaration that the South Dakota textbook loan statutes were unconstitutional and challenged that constitutionality under both the federal and state constitutions. They prayed that the defendants be enjoined from furnishing any textbooks or other related materials to parochial and other church-operated schools and from using public funds for such purposes. This is the result that was obtained.

The District Court did not adopt every contention raised by the plaintiffs. In fact, it was unnecessary to address one of the federal claims due to the disposition of the state constitutional claim. This, however, as noted in *Hensley*, does not require a reduction in the award of attorneys' fees. In addition, the relief obtained by the plaintiffs in this action affects not only them, but also numerous other school districts in

this state. The plaintiffs here are not unlike the plaintiffs in *Hensley. See, Hensley, supra,* at 438, 103 S.Ct. at 1942.

Although it is clear that the plaintiffs did not prevail on the facial challenge under the Federal Constitution, the success achieved is substantial. The claims asserted were interrelated and all involved a common core of operative facts. Counsels' time was dedicated to the litigation as a whole, making it difficult to segregate each of the contentions raised and apportion the fee accordingly. *See, Hensley, supra,* at 435, 103 S.Ct. at 1940.

 The plaintiffs' attorneys have submitted by affidavit the number of hours expended on this litigation. This court finds that the hours expended are not unreasonable in light of the degree of success of the plaintiffs as well as the interrelated nature of the issues and the common core of facts involved in this litigation.

This memorandum opinion constitutes this court's findings of fact and conclusions of law pursuant to F.R.Civ.P. 52(a).

THEREFORE, IT IS ORDERED:

1. That the provisions of the South Dakota textbook loan statutes as amended by the South Dakota Legislature in 1977, (S.L. 1977, ch. 134 section 2), S.D.C.L. section 13–34–16.2 and section 13–34–16.3, are unconstitutional on their face under the provisions of Article VI, Section 3, and Article VIII, Section 16, of the South Dakota Constitution.

2. That the defendants, their attorneys, agents, and employees, and those acting in concert with them be permanently enjoined from the furnishing of any textbooks, text-related workbooks, or other materials to the parochial and other church-operated schools within their jurisdiction or to students enrolled in said parochial or other church-operated schools; and

3. That the defendants, their attorneys, agents, and employees and those acting in concert with them be permanently enjoined from using or authorizing the use of public funds for such purposes; and

4. That the plaintiffs recover from the defendant school districts their costs and disbursements in this suit totaling $9,510.40; and

5. That defendant school districts pay to the plaintiffs the sum of $41,489.90, pursuant to 42 U.S.C. section 1988, as reasonable attorneys' fees in this action.